**SHENG QIANG GUO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5268–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 5, 2008.

———

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge and Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Sheng Qiang Guo, a native and citizen of the People's Republic of China, seeks review of the November 8, 2007 order of the BIA denying his motion to reopen. *In re Sheng Qiang Guo,* No. A70 899 550 (B.I.A. Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v.*

Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (quoting *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA did not abuse its discretion in denying Guo's motion to reopen as untimely. Guo withdrew his application for asylum and withholding in 1998, and was granted voluntary departure. He did not depart, and the agency denied his first motion to reopen, filed in 2001. Guo did not file his second motion to reopen until June 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). Here, however, the BIA concluded that Guo's motion did not qualify for such an exception. We agree.

It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Furthermore, as the BIA found, Guo's evidence did not demonstrate a material change in country conditions in China. 8 C.F.R. § 1003.2(c)(3)(ii). The affidavit, purportedly from Guo's cousin, does not indicate that individuals returning to China with foreign-born children face forcible sterilization; the affiant states that she fears returning to China with her second child, who was born in Hong Kong.

---

* Michael B. Mukasey, the current United States Attorney General, is automatically substituted for his predecessor in office, Alberto Gon-

Moreover, Guo's argument that the BIA engaged in improper fact finding in evaluating his motion to reopen is without merit. Indeed, the provision of the agency's regulations on which Guo relies prohibits BIA fact finding in the context of deciding appeals and not in the context of reviewing motions. *See id.* § 1003.1(d)(3)(iv).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).